IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **BRENDA DAVIS and CLARENCE DAVIS, individually, and on behalf of all other similarly situated individuals,**<br><br>Plaintiffs,<br><br>v.<br><br>**COLLECTO, INC. d/b/a EOS CCA,**<br><br>Defendant. | CIVIL ACTION NO. 3:21-cv-00044<br><br>**NOTICE OF REMOVAL** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1332(d)(1), §1332(d)(2), and §1446(b)(3), Defendant Collecto, Inc. d/b/a EOS CCA ("Collecto") removes the above-captioned action to the United States District Court for the Southern District West Virginia, Huntingdon Division. In support, EOS CCA avers as follows:

1. Plaintiffs Brenda Davis and Clarence Davis commenced this civil class action against Collecto on or about February 7, 2020 by filing suit in the Circuit Court of Putnam County, West Virginia, Civil Action No. CC-40-2020-C-20, and captioned *Brenda Davis and Clarence Davis* individually, and on behalf of all other similarly situated individuals *v. Collecto, Inc. d.b.a. EOS CCA*. (See Exhibit A- Plaintiffs' Class Action Complaint).

2. This civil class action arises out of alleged irregularities in EOS CCA's telephonic efforts to collect upon debts due and owing to original creditor, Dish Network, to consumers throughout the State of West Virginia.

1

3.	Plaintiffs claim violations of the *West Virginia Consumer Credit and Protection Act*, *West Virginia Computer Crimes and Abuse Act*, the *Telephone Harassment Statute*, and bring common law claims for negligence, intentional infliction of emotional distress, and invasion of privacy.  Plaintiffs' Class Action Complaint alleges only West Virginia state law claims.

4.	Under 28 U.S.C. §§1332(a)(1), this Court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

5.	Plaintiffs are citizens of the State of West Virginia, residing Putnam County, West Virginia.

6.	A corporation is a citizen of every state where it is incorporated and where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" refers to "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC*, 636 F.3d 101, 102 (4th Cir. 2011) (citing *Hertz Corp. v. Friend,* 130 S. Ct. 1181, 1186, 175 L. Ed. 2d 1029 (2010)).

7.	As such, Collecto is a citizen of the State of Massachusetts, under 28 U.S.C. §1332(c)(1). Collecto is a corporation that is incorporated and has a its principal place of business located at 700 Longwater Drive, Norwell, Massachusetts 02061.

8.	Plaintiffs and Collecto are "citizens of different states" within the

meaning of 28 U.S.C. §1332(c)(1).

9.  Collecto received a copy of Plaintiffs' Class Action Complaint on February 21, 2020, through its agent-in-fact, CT Corporation. Hence, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed. *See Elliott v. Am. States Ins. Co.,* 883 F.3d 384, quoting *Lilly v. CSX Transp., Inc.,* 186 F. Supp. 2d 672, 673 (S.D. W.Va. 2002) (finding that "[w]hen service is effected on a statutory agent, rather than on an agent appointed by the defendant, the time to remove the action to federal court does not start to run until the defendant actually has received a copy of the complaint").

10. On March 23, 2020, timely filed its notice removal in the United States District Court for the Southern District West Virginia, Huntingdon Division pursuant to diversity jurisdiction within 30-days from receipt of the complaint, as required by 28 U.S.C. §1332(c)(1).

11. Thereafter, Collecto promptly gave written notice of the removal to all parties and filed notice in the Putnam County, West Virginia Circuit Court, as required under 28 U.S.C. §1446(d). The case was docketed at 3:20-cv-00215.

12. On March 27, 2020, Plaintiffs filed a Motion to remand the class action back to the Putnam County, West Virginia Circuit Court.

13. In support, Plaintiffs asserted that Collecto failed to establish that amount in controversy exceeds the $75,000.00 threshold.

14. On or about May 1, 2020, the federal court remanded the case back to the Putnam County, West Virginia Circuit Court after finding that

3

there Collecto failed to establish by the preponderance of the evidence that the amount in controversy of Plaintiff's individual claims exceeded the $75,000.00 threshold.

15. The case was remanded back to the Putnam County, West Virginia Circuit court for litigation.

16. Upon remand, Collecto answered the Plaintiffs' complaint and the parties began participating in discovery.

17. As discovery progressed and information was provided to Plaintiffs, Collecto, for the first time, received a demand letter dated December 21, 2020 alleging the class would consist of over 12,000 West Virginia residents and seeking damages for the proposed class in excess of $5 million dollars. (*See* Exhibit B, Plaintiffs December 21, 2020 demand letter, which is confidential and will be filed under seal).

18. Under the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d), this Court has subject-matter jurisdiction over a class action in which the amount in controversy exceeds $5 million, the proposed class consists of more than 100 members, and there is minimal diversity. In addition, a plaintiff who seeks to represent a class may not avoid federal jurisdiction by stipulating that the amount in controversy does not exceed $5 million. *Standard Fire Ins. Co. v. Knowles,* 133 S.Ct. 1345 (2013).

19. Under 28 U.S.C. §1446(b)(3), a case that is not immediately removable may be removed by filing a notice of removal within 30 days of the defendant's receipt of a paper from which it may be ascertained that the case

has become removable. Under 28 U.S.C. §1453(b), the one-year limit on filing such a notice of removal in diversity cases does not apply to class actions. See *Elliot Graiser v. Visionworks of America, Inc.*, 819 F.3d 277 (6th Cir. 2017).

20. Collecto first received documents from Plaintiffs from which defendant could unambiguously ascertain CAFA jurisdiction and that the potential damages exceeded the 5 million threshold upon receipt of the December 21, 2020 demand letter. This was the first time Collecto was able to ascertain that this case became removable under CAFA. See *Elliot Graiser v. Visionworks of America, Inc.*, 819 F.3d 277 (6th Cir. 2017)("In CAFA cases, the thirty-day clocks of § 1446(b) begin to run only when the defendant receives a document *from the plaintiff* from which the defendant can unambiguously ascertain CAFA jurisdiction. Under this bright-line rule, a defendant is not required to search its own business records or 'perform an independent investigation into a plaintiff's indeterminate allegations to determine removability.'").

21. Because this Notice of Removal is filed within 30 days of receipt of the December 21, 2020 demand letter, which is the first time Collecto was able to ascertain that the case became removable under CAFA, it is timely made pursuant to 28 U.S.C. §1332(d)(1), §1332(d)(2), and §1446(b)(3).

22. Moreover, the fact that Collecto's prior attempt to remove this case pursuant to federal diversity jurisdiction does not preclude this timely filed removal. See *Elliot Graiser v. Visionworks of America, Inc.*, 819 F.3d 277 (6th Cir. 2017)(holding that once a defendant ascertains that a case is removable

5

under CAFA, a defendant may remove the case-within the time constraints of § 1446(b)(1) and (b)(3) even if the case was originally removable under a different theory of federal jurisdiction).

23. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, along with a Notice of Filing a Notice of Removal, is being promptly sent to all counsel of record and filed with the Clerk of Court of Putnam County, West Virginia.

**WHEREFORE**, Defendant Collecto, Inc. d/b/a EOS CCA, by undersigned counsel, hereby removes the above-captioned action from the Circuit Court of Putnam County, West Virginia, to the United States District Court of the Southern District of West Virginia, and requests that all further proceedings be conducted in this Court as provided by law.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: /s/ *Katlin C. Zarisky*
Katlin C. Zarisky, Esquire
WV Bar # 11846
707 Grant Street, Suite 3800
Pittsburgh, PA 15219
☎ (412) 316-2917
🖷 (412) 347-5461
✉ kzarisky@grsm.com
Attorney for Defendant,
Collecto, Inc., d/b/a EOS CCA

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, and I served counsel for plaintiff via email and United States Mail as follows:

Benjamin M. Sheridan
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
Phone: 304-562-7111
Fax: 304-562-7115
E-mail: ben@kleinsheridan.com
Counsel for Plaintiffs


/s/ Katlin C. Zarisky