UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | |
|---|---|
| BRENDA DAVIS and CLARENCE DAVIS, and all others similarly situated, | CASE NO. 3:21-cv-00044 |
| Plaintiffs, | JUDGE ROBERT C. CHAMBERS |
| vs. | |
| COLLECTO, INC. d/b/a. EOS CCA, | |
| Defendant. | |

**THIRD-PARTY DISH NETWORK L.L.C.'S MEMORANDUM IN SUPPORT OF THE MOTION TO QUASH SUBPOENA *DUCES TECUM* OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER**

Pursuant to Local Rule 7.1, third-party DISH Network L.L.C. ("DISH") submits the following Memorandum in Support of the Motion to Quash Subpoena *Duces Tecum* or, in the Alternative, for Protective Order.

**I.    INTRODUCTION**

Over two years ago, Plaintiffs filed a lawsuit against DISH regarding the *exact same* telephone calls at issue in the Subpoena. *See Davis v. DISH Network*, LLC, No. CV 3:18-1415, 2019 WL 5406241 (S.D.W. Va. Oct. 22, 2019*)*, attached as Exhibit A. After having the opportunity to conduct full and complete discovery in that case, Plaintiffs lost.

Now, Plaintiffs have filed a new lawsuit against Defendant Collecto, Inc. d/b/a EOS CCA Inc. ("Collecto"), based on these *exact same* telephone calls. While DISH is not a party to the current lawsuit, Plaintiffs seek to drag DISH back into the fray by Subpoena, essentially seeking a "do over" of discovery from their prior case against DISH, and trying to force DISH to bear the burden and expense of their duplicative discovery, while also including new overly broad and burdensome requests.

In scattershot fashion, the Subpoena contains 33 topics for deposition and 25 document requests, not including subparts. (*See* Doc. 14.) Two of the deposition topics have a total of 19 subparts. One of the document requests has two subparts. Taken one by one, the topics and requests are fatally objectionable, pointless, or far outside the scope of discovery.[1] Taken as a whole, these 79 demands constitute a massively undue burden entirely disproportionate with the size or the needs of the case, particularly when Plaintiffs already had the opportunity to conduct discovery from DISH on these same phone calls in their prior case. There is no justification for the waste of time and corporate resources sought via the Subpoena.

Worse, DISH is not in possession of (1) telephone call logs relating to West Virginia customers contacted by Collecto; (2) documents or correspondence relating to debt collection by Collecto; or (3) any recordings between it and Collecto or Collecto and any West Virginia customers. *Martin v. State Farm Mut. Auto. Ins. Co.*, No. 3:10-CV-0144, 2011 WL 13228851, at *4 (S.D.W. Va. Jan. 20, 2011) ("The Court cannot compel defendants to produce documents based solely on opposing speculation and belief that responsive documents exist and that the producing party is withholding them.") (internal quotations omitted.) DISH has already conveyed this information to Plaintiff (which counsel for Collecto confirmed) during the parties' meet and confer efforts.

Even if DISH could collect the requested information (it cannot), DISH is prohibited from producing it under the Satellite Television Extension and Localism Act, 47 U.S.C. § 338 ("STELA"). Specifically, STELA provides that a satellite carrier, such as DISH, "shall not disclose

---

[1] A "nonparty should not have to do the work of tailoring a subpoena to what the requesting party needs; the requesting party should have done that before serving it." *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 193 (4th Cir. 2019) (affirming the "district court [] did not abuse its discretion in quashing the subpoena outright").

personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned." 47 U.S.C. § 338(i)(4)(A); *Warnick v. Dish Network LLC*, 301 F.R.D. 551, 558 n.2 (D. Colo. 2014) ("Although a satellite carrier may disclose a subscriber's personally identifiable information if ordered to do so by a court, the subscriber must still be notified of the court order requiring disclosure of his or her private, personally identifiable information.") (citing 47 U.S.C. § 338(i)(4)(B)(ii)).

As a result, DISH respectfully seeks an order from the Court, due to the improper nature of the Topics and Requests, "forbidding the disclosure or discovery," as its primary function is to create "undue burden or expense." *See* Fed. R. Civ. P. 26(c) and 45(d).

## II.  FACTUAL BACKGROUND

In February 2020, Plaintiffs filed this action against Collecto in West Virginia for the alleged receipt of unwanted telephone calls from telephone number 877-839-0927 (the "'0927 number") in violation of the West Virginia Consumer Credit and Protection Act. *See* Complaint at ¶¶ 7, 9. Plaintiffs seek to represent a putative class defined as:

> All West Virginia citizens at the time of the filing of this action who, within the applicable statute of limitations preceding the filing of this action, through the date of class certification, were **called by Collecto, Inc**. on behalf of Dish Network to collect a past due amount.

*Id*. at ¶ 36. The Complaint states that Collecto failed to "disclose the name of the business entity making a demand for money upon Plaintiffs' indebtedness, in violation of West Virginia Code § 46A-2-127(a) and (c)." *Id*. at ¶ 41. Plaintiffs contend that Collecto "placed numerous telephone calls in an attempt to collect debts [] without identifying itself." *Id*. at ¶ 34. Plaintiffs also allege individual violations under the West Virginia Computer Crimes and Abuse Act, the Telephone Harassment Statute, and common law claims including negligence, intentional infliction of emotional distress, and invasion of privacy. *Id*. at ¶¶ 42-77.

3

Nearly a year and a half earlier, in November 2018, Plaintiffs filed a virtually identical lawsuit against DISH for the alleged receipt of the same telephone calls from the '0927 number. *See* Exhibit A. After "a lengthy period of discovery," *id.* at *6, the Southern District of West Virginia granted summary judgment in favor of DISH and ruled as follows:

> Mrs. Davis claims she received numerous telephone calls from the (877) 839-0927 number over the course of April and May 2018, and that "the person on the other end of the line stated that they were calling from D[ISH]." [] The Court is not confronted with a war of unsupported allegations on both sides, but rather a situation where **Defendant has provided evidence that it does not own or make calls from the (877) 839-0927 number** and Plaintiff has responded with plainly insufficient evidence to counter that fact. [] The crux of the matter is this: Plaintiffs may well have received a series of calls during April and May of 2018 from callers claiming an association with Defendant, but they have presented no evidence that would allow this Court to conclude that Defendant was actually responsible for the calls.

*Id*. at *5-6 (emphasis added). In the Complaint, Plaintiffs agree that they "litigated a case against the wrong entity." (*See* Complaint at ¶ 35.)

In March 2021, even though DISH is not needed or even useful for the award of Plaintiffs' sought relief, Plaintiffs served the Subpoena upon DISH containing 33 topics for deposition and 25 document requests, not including subparts. (*See* Doc. 14.)

### III. <u>LEGAL STANDARDS</u>

Federal Rule of Civil Procedure 45(d) states that upon a motion, the court "must quash or modify a subpoena that subjects a person to undue burden." "Rule 45 adopts the standard codified in Rule 26." *CSS, Inc. v. Herrington*, Civil Action No. 2:16-cv-01762, 2018 U.S. Dist. LEXIS 231504, at *5 (S.D. W. Va. Jan. 9, 2018). Federal Rule of Civil Procedure 26(c)(1)(A) states "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including forbidding the disclosure or discovery."

4

When "discovery is sought from nonparties, [] its scope must be **limited even more**." *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir.) ("Nonparties are strangers to the litigation, and since they have no dog in the fight, they have a different set of expectations from the parties themselves.") (emphasis added) (internal quotations omitted), *cert. denied*, 140 S. Ct. 672, 205 L. Ed. 2d 438 (2019). A non-party "should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery." *Id*.

IV. <u>LAW AND ARGUMENT</u>

    A.    **The Subpoena Imposes an Undue Burden in Violation of Rule 45.**

The "ultimate question is whether the benefits of discovery to the requesting party outweigh the burdens on the recipient." *Id*. at 189. Courts "must give the recipient's nonparty status **special weight**, leading to an even more demanding and sensitive inquiry than the one governing discovery generally." *Id*. (emphasis added). "Nonparties faced with civil discovery requests deserve **special solicitude**." *Id*. at 194 (emphasis added). The Fourth Circuit instructs courts to apply the following considerations pursuant to Rule 45. *Id*. at 189.

First, "courts should consider not just the relevance of information sought, but the requesting party's need for it." *Id*. This means that the "information sought must likely (**not just theoretically**) have marginal benefit in litigating important issues." *Id*. (emphasis added.)

Second, "courts should also consider what information is available to the requesting party from other sources." *Id*. This means that the "requesting party should be able to explain why it cannot obtain the same information, or comparable information that would also satisfy its needs, **from one of the parties to the litigation**." *Id*. (emphasis added).

Third, "courts should of course consider the dollars-and-cents costs associated with a large and demanding document production." *Id*. This means that courts should evaluate the "expense of collecting, reviewing, and producing documents." *Id*. at 192.

### 1. Factor One: The Topics and Requests Are Not Relevant to the Claims or Defenses or Needed.

A party is entitled to discovery "relevant to the plaintiff's cause of action." *JAK Prods., Inc. v. Robert Bayer*, No. 2:15-CV-00361, 2015 WL 2452986, at *4 (S.D.W. Va. May 22, 2015); *In re: Am. Med. Sys., Inc.*, No. 2325, 2016 WL 3077904, at *4 (S.D.W. Va. May 31, 2016) ("[I]nformation is relevant if it logically relates to a party's claim or defense"); *Farrar v. Cessna Aircraft Co.*, No. 2:18-CV-00461, 2019 WL 418432, at *4-5 (S.D.W. Va. Feb. 1, 2019) (quashing a subpoena because plaintiffs "provided conclusory statements instead of facts to support their position that the subpoena duces tecum will produce relevant information."). Here, the Subpoena seeks testimony and documents not relevant to any claim or defense or needed.[2]

---

[2] To prove a claim under ***West Virginia Code § 46A-2-127(a) and (c)***, Plaintiffs must demonstrate that Collecto used "fraudulent, deceptive or misleading representation or means to collect or attempt to collect" a debt and "(a) [t]he use of any business, company or organization name while engaged in the collection of claims, other than the true name of the debt collector's business, company or organization;" or "(c) [t]he failure to clearly disclose the name and full business address of the person to whom the claim has been assigned for collection, or to whom the claim is owed, at the time of making any demand for money." To prove a claim under ***Computer Crimes and Abuse Act***, Plaintiffs must demonstrate that Collecto contacted them via an electronic device with the "intent to harass or abuse" and "after being requested by the person to desist from contacting." *See* W. Va. Code § 61-3C-14a(a)(2); *Montgomery v. Applied Bank*, 848 F. Supp. 2d 609, 611 (S.D.W. Va. 2012). To prove a claim under the ***Telephone Harassment Act***, Plaintiffs must demonstrate that Collecto acted "with the intent to harass or abuse another by means of telephone to . . . [m]ake or cause the telephone of another repeatedly or continuously to ring, with intent to harass any person at the called number." W. Va. Code § 61-8-16(a)(3). To prove a claim for ***negligence***, Plaintiffs must demonstrate a duty, a breach of that duty, harm, and a causal connection between the breach of the duty and the harm. *Hagy v. Equitable Prod. Co.*, No. 2:10-CV-01372, 2011 WL 1627920, at *2 (S.D.W. Va. Apr. 28, 2011). To prove a claim for ***intentional infliction of emotional distress***, Plaintiffs must demonstrate atrocious, intolerable, extreme, and outrageous conduct as to exceed the bounds of decency; that Collecto acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional

6

Topic 1 seeks testimony as to "all contracts, written agreements, memorandum of understanding or other documents, in effect at any time" between DISH and Collecto. This Topic is not relevant to this case. For conduct to be actionable under § 127 of the West Virginia Code, the telephone call must have been made to collect a debt without identifying and disclosing the business name. *See* Footnote 2, *supra*. For conduct to be actionable under the Computer Crimes and Abuse Act and Telephone Harassment Act, the telephone call must have been made with the "intent" to harass. *Id*. The requested testimony regarding contractual terms is irrelevant to the **content** of the alleged calls made by Collecto (i.e., what was ***actually said*** or not said on the alleged telephone calls), the intent to harass, or any common law claims. Accordingly, Topic 1 serves no relevant purpose to this action and displays the indicia of gamesmanship and harassing discovery.

Topic 2 seeks testimony as to "telephone calls placed" by DISH. The requested testimony is not relevant because DISH did not make any calls from the '0927 number, and Plaintiff have already fully litigated a case against DISH on this same issue. *See* Exhibit A at *5-6. This Topics also falls outside of Plaintiffs' class definition of West Virginia citizens who "were called by Collecto, Inc," not DISH. (*See* Complaint at ¶ 36.) The envisioned testimony is not relevant, since it will not establish any statutory violation or common law wrongdoing.

Topic 4 seek testimony as to "calls placed or received" by DISH "relating to calls placed by" Collecto. The requested testimony is irrelevant to the **content** of the alleged calls made by Collecto (i.e., what was ***actually said*** or not said on the alleged telephone calls), the intent to

---

distress would result from the conduct; and that Collecto's actions caused Plaintiffs to suffer emotional distress; and that the emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it. To prove a claim for ***invasion of privacy***, Plaintiffs must demonstrate "intentional" intrusion on seclusion and that such intrusion would be "highly offensive to a reasonable person." *Harbolt v. Steel of W. Virginia, Inc.*, 640 F. Supp. 2d 803, 817 (S.D.W. Va. 2009).

harass, or any common law claims. Topic 4 is designed to impose cost and hassle on DISH without targeting any relevant information.

Topic 6 seeks testimony as to "assistance" with Collecto's "attempt to collect a debt from any consumer in West Virginia." The requested testimony is irrelevant to the *content* of the alleged calls made by Collecto (i.e., what was *actually said* or not said on the alleged telephone calls), the intent to harass, or any common law claims. *See* Footnote 2. Topic 6 provides no relevant purpose or "benefit" to this litigation. *Va. Dep't of Corr.*, 921 F.3d at 189.

Topic 7 seeks testimony as to "assistance" with Collecto's "attempt to obtain payment from any consumer in West Virginia." The requested testimony is irrelevant to the *content* of the alleged calls made by Collecto (i.e., what was *actually said* or not said on the alleged telephone calls), the intent to harass, or any common law claims. *See* Footnote 2. Accordingly, Topic 7 serves no relevant purpose to this action and imposes burdensome costs on DISH.

Topic 8 seeks testimony as to "documents and correspondence" relating to "collections" by Collecto. The requested testimony is irrelevant to the *content* of the alleged calls made by Collecto (i.e., what was *actually said* or not said on the alleged telephone calls), the intent to harass, or any common law claims. *See* Footnote 2. Accordingly, Topic 8 serves no relevant purpose to this action or "value." *Va. Dep't of Corr.*, 921 F.3d at 189.

Topic 9 seek testimony as to "all procedures maintained" by DISH to comply with the state statutory claims. The requested testimony is not relevant to Plaintiffs' burden of proving the *content* of what was *actually said* on the alleged telephone calls, the intent to harass, or any common law claims. *See* Footnote 2. Topic 9 calls for useless testimony not reasonably calculated to lead to the discovery of admissible evidence.

Topics 10, 15, 16, 17, and 18 seek testimony regarding the events in *Davis v. DISH*. As Plaintiffs admit, they initially "litigated a case against the wrong entity." (*See* Complaint at ¶ 35.) The events in *Davis v. DISH* are not relevant to Plaintiffs' claims in *Davis v. Collecto*. These Topics are designed to impose cost and hassle on DISH, without targeting any relevant information to the claims and defenses at issue. The Court should not allow it.

Topic 11 subparts seek testimony as to DISH account placement, payment, letterhead, and call records. Topic 11 also seeks testimony regarding the events in *Davis v. DISH*. These subparts are not relevant to any claim or defense in the pleadings. This Topic is plainly designed to impose cost and hassle on DISH without seeking any relevant testimony as to the claims at issue. Plaintiffs cannot impose fishing expeditions at an enormous cost.

Topic 12 seeks testimony as to the "call records for all 12,961 West Virginia consumers called by" Collecto. The requested testimony is not relevant to Plaintiffs' burden of proving the ***content*** of what was ***actually said*** on the alleged telephone calls, the intent to harass, or any common law claims. *See* Footnote 2. Topic 12 serves no relevant purpose to this action and displays the indicia of harassing discovery.

Topic 19 seeks testimony as to whether Collecto is classified as a "third party" or "first party" debt collector. The requested testimony is not relevant to Plaintiffs' burden of proving the ***content*** of what was ***actually said*** on the alleged telephone calls, the intent to harass, or any common law claims. *See* Footnote 2. The envisioned testimony is not relevant, since it will not establish any statutory violation or common law wrongdoing.

Topics 22 and 32 seeks testimony as to Collecto's "product and services." These Topics are vague and not relevant to the needs of this case. *See* Footnote 2. These Topics have nothing to

9

do with the alleged telephone calls. Plaintiffs cannot impose obligations beyond those required or permitted by the Rules.

Topic 31 seeks testimony as to "products and services [] relating to determining whether a particular telephone number is assigned to a cellular phone." The requested testimony is unrelated to the statutory requirements or common law essential elements. Topic 31 is a pure waste of resources for all involved.

Topic 33 seeks testimony as to "documentation methods" related to "collection calls" made by Collecto. The requested testimony is not relevant to Plaintiffs' burden of proving the ***content*** of what was ***actually said*** on the alleged telephone calls, the intent to harass, or any common law claims. *See* Footnote 2. Topic 33 serves no relevant purpose to this action and displays the indicia of harassing discovery.

Requests 7 and 18 seek "all contracts" between DISH and Collecto. The requested documents are not relevant to Plaintiffs' burden of proving the ***content*** of the alleged calls made by Collecto (i.e., what was ***actually said*** or not said on the alleged telephone calls), the intent to harass, or any common law claims. The requested documents will not establish whether Collecto made a telephone call in violation of the alleged statutes or common law. The requested documents are unrelated to any claim or defense and thus not relevant. These Requests call for useless documents not reasonably calculated to lead to the discovery of admissible evidence.

Request 8 seeks "all communications" between DISH and Collecto regarding the identification of Collecto. This Request is not relevant to this case. The requested "communications" are irrelevant to the ***content*** of the alleged calls made by Collecto (i.e., what was ***actually said*** or not said on the alleged telephone calls), the intent to harass, or any common law claims. *See* Footnote 2. Accordingly, Request 8 serves no relevant purpose.

Request 9 seeks DISH's "policies and procedures regarding the identification of" Collecto. The requested documents are not relevant to Plaintiffs' burden of proving the *content* of the alleged calls made by Collecto (i.e., what was *actually said* or not said on the alleged telephone calls), the intent to harass, or any common law claims. The requested documents will not establish whether Collecto made a telephone call in violation of the alleged statutes or common law.

Request 13 seeks "all recorded conversations between" Collecto and DISH. The requested documents will not establish whether Collecto made a telephone call in violation of the alleged statutes or common law. Request 13 is plainly irrelevant.

Request 16 seeks documents as to Collecto's "product and services" used by DISH. The overbroad requested testimony is not relevant to Plaintiffs' burden of proving the *content* of the alleged calls made by Collecto (i.e., what was *actually said* or not said on the alleged telephone calls), the intent to harass, or any common law claims. *See* Footnote 2. There can be no showing that Request 16 serves any relevant purpose. This Request is designed to impose cost and hassle on DISH without targeting any relevant information.

Request 19 seeks "all contracts" between a "third party" and Collecto regarding "skip tracing and auto-dialer vendors." The documents will not establish any alleged statutory violation or common law wrongdoing. *See* Footnote 2. This Request does not target any relevant information.

Request 22 seeks "written and/or electronically stored information regarding your customers in West Virginia." The requested "information" is irrelevant to the *content* of the alleged calls made by Collecto (i.e., what was *actually said* or not said on the alleged telephone calls), the intent to harass, or any common law claims. This Request is plainly designed to impose

11

cost and hassle on DISH in violation of the Rules. Accordingly, Request 22 serves no relevant purpose and displays the indicia of gamesmanship and unduly burdensome discovery.

Request 23 seeks "written policies and procedures for FDCPA." Plaintiffs did not allege a claim under the FDCPA. *See* Complaint. The requested documents are unrelated to any claim or defense and thus not relevant. Further, the requested "written policies and procedures" for the statutory claim are not relevant to Plaintiffs' burden of proving the ***content*** of the alleged calls made by Collecto (i.e., what was ***actually said*** or not said on the alleged telephone calls), the intent to harass, or any common law claims.

Request 25 seeks documents regarding the events in *Davis v. DISH*. As Plaintiffs admit, they initially "litigated a case against the wrong entity." (*See* Complaint at ¶ 35.) The events in *Davis v. DISH* are not relevant to Plaintiffs' claims in *Davis v. Collecto*. This Request is designed to impose cost and hassle on DISH, without targeting any relevant information. The Court should not allow it.

For all the reasons stated above, Topics 1, 2, 4, 6, 7, 8, 9, 10, 11, 12, 15, 16, 17, 18, 19, 23, 32, and 33 and Requests 7, 8, 9, 13, 16, 18, 19, 22, 23, and 25 have no possible connection to the events, claims, or defenses at issue in the case. These Topics and Request are thus are not needed, and in many instances available from another source. *See* Section 2., *infra*. DISH should not be forced to spend time, money, and resources on these Topics and Requests.

    **2.**    **Factor Two: Collecto is in Possession of the Requested Information and Documents.**

Topics 3, 4, 12, 13, 14, 15, 21, 22, 23, 24, 25, 29, and 32 and Requests 1, 2, 3, 4, 5, 6, 8, 10, 11, 14, 15, 21(a), 21(b), and 24 seek information that is outside the possession or control of DISH. Rather, these Topics and Requests seek information in the possession of Collecto. Plaintiffs are not entitled to use Rule 45 to pursue information in another party's possession. *See Va. Dep't*

*of Corr.*, 921 F.3d at 184, 194 (affirming that the "district court thus did not abuse its discretion in quashing the subpoena," since plaintiffs "failed to explain why the same or similar information could not be had from better, alternative sources"); *Grey v. Cuccinelli*, No. 9:18-CV-01764-DCN, 2020 WL 3104744, at *4 (D.S.C. June 11, 2020) ("There is no reason to burden a third party with discovery when the opposing party has all of the information requested."); *Estate of Jarrell v. Livizos*, No. CIV. A. 5104, 1976 WL 5265, at *2 (Del. Ch. Sept. 28, 1976) ("A subpoena *duces tecum* pursuant to Rule 45(d) cannot be used to compel production of documents in the hands of a party to the action.").

Because DISH is not in possession of the requested information, and the information is more accessible to Plaintiffs, the Topics and Requests listed below must be quashed.

- Topic 3 seeks testimony as to "all telephone calls placed or received by" Collecto.

- Topic 4 seeks testimony regarding "all recordings placed or received by" Collecto.

- Topic 12 seeks testimony as to the "telephone call records for all 12,961 West Virginia consumers called by" Collecto.

- Topic 13 seeks testimony concerning "products and software used by" Collecto.

- Topic 14 seeks testimony regarding telephone "scripts used by" Collecto.

- Topic 15 seeks testimony as to "all scripts used by" Collecto.

- Topic 21 seeks testimony regarding Collecto's "call reporting data."

- Topic 22 seeks testimony as to Collecto's "products and services."

- Topic 23 seeks testimony regarding "reports accessed by" Collecto.

- Topic 24 seeks testimony as to "calls made to the West Virginia customers by" Collecto.

- Topic 25 seeks testimony concerning "all data provided to" DISH "from" Collecto "regarding Plaintiff and/or any other West Virginia customer."

- Topic 29 seeks testimony regarding "all recorded phone calls between" Collecto and "any other West Virginia customer."

13

- Topic 32 seeks testimony regarding "all products and services provided by [DISH] and used by" Collecto.

- Requests 1, 2, 3, 4, 5, 6, 11, 15, 21(a), and 21(b) seek documents related to "calls made by," "contacted by," "placed by," or "received by" Collecto.

- Request 8 seeks "all communication" between DISH and Collecto.

- Request 10 seeks "recorded messages provided and/or created by" Collecto.

- Request 14 seeks "all recorded messages [Collecto] left for Plaintiffs."

- Request 24 seeks "manuals regarding the telephone and communications systems used to call Plaintiffs by" Collecto.

      **3.    Factor Three: DISH Should Not be Forced to Spend *Significant* Dollars and Time to Collect, Review, and Produce the Requested Documents and Information.**

The cost associated with the Subpoena is significant because the information and documents sought are voluminous. For the reasons set forth above, the "expense of collecting, reviewing, and producing" information and documents in response to 79 demands is extremely costly. *See Va. Dep't of Corr.*, 921 F.3d at 192; *see JAK*, 2015 WL 2452986 at *8 (noting "affidavits to support the contention that the subpoena request is unduly burdensome") and Declaration of Joey L. Montono, attached as Exhibit B at ¶¶ 1-8.

Further, Topics 2, 9, 12, 13, 14, 20, 21, 22, 23, 26, and 27 and Requests 7, 9, 11, 13, 17, 18, 20, 23, 24, and 25 are temporally unbounded and therefore also costly to collect, review, and produce. For example, Topic 1 seeks testimony as to contracts "in effect at any time" and the remaining Topics and Request provide no time period.

Topic 5 seeks testimony as to "all [of DISH's] collection notes and/or collection logs relating to customers contacted" by Collecto. Topic 5 subjects DISH to unduly burdensome efforts of searching and producing useless voluminous records. Any attempt to locate account notes assuming they still exist (or ever existed) creates a massively undue burden on DISH. This task

14

requires identification of all potential account numbers (which may or may not be possible since most account notes likely do not exist), manually locating each account number in DISH's system, and reviewing any account notes for Collecto. *See* Exhibit B at ¶ 7. And that is to say nothing of the fact that the overwhelming majority of such accounts will have no notations regarding any conversations anyway. Plaintiff claims there are "12,961 West Virginia consumers called by" Collecto. (Subpoena, Topic 12.) Even assuming this is true (DISH does not know where Plaintiff got that number), that DISH could somehow identify all such persons and notes, or that such notes even existed, the manual search and retrieval process would be overwhelming. Just for illustration, if retrieving, examining, and collecting the records for each purported consumer took 30 minutes (a conservative estimate), this process would take DISH over 270 days (three-quarters of a year) to complete ***working nonstop 24 hours a day and seven days per week***. (12,961 alleged consumers * 30 minutes each = 388,830 minutes; divided by 60 minutes per hour = 6,480.5 hours; divided by 24 hours per day = 270.02 days.) And at a more realistic eight hours per day, it would take over two years of work (even then, assuming the search occurs seven days per week that entire time). (6,480.5 hours divided by 8 hours per day = 810.06 days; divided by 365 days per year = 2.2 years.) This is a monstrously burdensome request, and there is no justification for the waste of time and corporate resources sought in Topic 5.

Topic 25 seeks testimony of "all data" provided by Collecto regarding "any [] West Virginia customer of" DISH. Topic 25 is plainly designed to impose cost and hassle on DISH in violation of the Rules, since it requires DISH to find and analyze material that cannot be relevant or lead to the discovery of admissible evidence.

Request 12 seeks "all documents showing what data" Collecto "supplied" to DISH "relating to" West Virginia customers. This Request is also overbroad in scope and

disproportionate to the needs of the case, since it subjects DISH to unduly burdensome efforts of searching and producing useless voluminous records. DISH should not be forced to spend time, money, and resources on producing documents in response to Request 12.

      **B.**      **The Subpoena Imposes an Undue Burden in Violation of Rule 26.**

Courts "may also limit discovery or issue protective orders in accordance with Rule 26." *United States ex rel. Hayes v. Charlotte Mecklenburg Hosp. Auth.*, No. 3:16-CV-00750-GCM, 2021 WL 665109, at * 2 (W.D.N.C. Feb. 19, 2021). In accordance with Rule 26, courts consider "whether the discovery sought is [] obtained from another source [] or outside the scope of discovery." *Id*. Justice calls for a protective order here.

First, the Topics and Requests discussed in Factor One are not relevant and outside the scope of discovery. *Bell ex rel. Est. of Bell v. Bd. of Educ. of Cty. of Fayette*, 225 F.R.D. 186, 193 (S.D.W. Va. 2004) (stating the Rule 26 "limitation of discovery to information relevant to the claim or defense of any party apply equally with respect to depositions of parties and non-parties"). Plaintiffs cannot show how Topics 1, 2, 4, 6, 7, 8, 9, 10, 11, 12, 15, 16, 17, 18, 19, 23, 32, and 33 and Requests 7, 8, 9, 13, 16, 18, 19, 22, 23, and 25 are connected to the relevant law or issues in the case. Plaintiffs cannot impose obligations beyond those permitted by Rule 26.

Second, the Topics and Requests discussed in Factor Two are not in the possession of DISH. The time and expense required to obtain the requested information in Topics 3, 4, 12, 13, 14, 15, 21, 22, 23, 24, 25, 29, and 32 and Requests 1, 2, 3, 4, 5, 6, 8, 10, 11, 14, 15, 21(a), 21(b), and 24 from Collecto is unduly burdensome. The information is easily accessible to Plaintiffs from Collecto. As a result, DISH requests a Protective Order.

Third, the Topics and Request discussed in Factor Three constitute an undue burden and expense. The "expense of collecting, reviewing, and producing" documents and information in

16

response to 79 demands is extremely burdensome and costly. *Va. Dep't of Corr.*, 921 F.3d at 192. As a result, DISH requests a Protective Order.

### C. The Subpoena is Oppressing in Violation of Rule 26 by Virtue of the Prior *Davis v. DISH* Action.

Finally, while the above objections are applicable to the Topics and Requests identified above, on a broader level the Subpoena itself imposes an undue burden and is oppressive against DISH. Plaintiffs had a full and complete opportunity to conduct discovery from DISH on these topics in the *Davis v. DISH* matter. Plaintiffs lost. For over a year, DISH was forced to spend significant time, money, and resources litigating that matter.

The overall context and content of the Subpoena makes clear that Plaintiffs are essentially seeking to re-do discovery from their prior case against DISH — and this reality reveals Plaintiffs' improper motives. Indeed, there is no more clear example of this fact than Topic 10, which seeks testimony regarding "[t]he factual basis" for DISH's testimony in the *Davis v. DISH* matter. Plaintiffs already had the opportunity to conduct discovery on the "factual basis" for DISH's testimony in *Davis v. DISH* during the "lengthy period of discovery" in that case. *See* Exhibit A at *6. In granting summary judgment to DISH in the *Davis v. DISH* case, the court noted that "[t]his Court's role is not to rescue Plaintiffs from their own disadvantageous decision-making during discovery." *Id*. at *5 n.11. The same is true here, and it imposes an undue burden on DISH and is harassing for Plaintiffs to continue to try and relitigate these issues by Subpoena in this case.

## V. CONCLUSION

For the foregoing reasons, DISH respectfully requests that the Court grant its Motion.

17

Respectfully submitted,

*/s/ Joseph R. Blalock*
JOSEPH R. BLALOCK (WVSB# 12090)
BENESCH, FRIEDLANDER, COPLAN &
  ARONOFF LLP
44 15th Street, Suite 2
Wheeling, WV 26003
614-223-9359 Telephone
614-223-9330 Facsimile
jblalock@beneschlaw.com

ERIC LARSON ZALUD (OHSB# 0038959)
(*pro hac vice forthcoming*)
LAURA E. KOGAN (OHSB# 0087453)
(*pro hac vice forthcoming*)
BENESCH, FRIEDLANDER, COPLAN &
  ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
(216) 363-4500 Telephone
(216) 363-4588 Facsimile
ezalud@beneschlaw.com
lkogan@beneschlaw.com

*Attorneys for Third-Party DISH Network L.L.C.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of August, 2021, I electronically filed the foregoing THIRD-PARTY DISH NETWORK L.L.C.'S MEMORANDUM IN SUPPORT OF THE MOTION TO QUASH SUBPOENA DUCES TECUM OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Benjamin M. Sheridan, Esq.
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
Email: ben@kleinsheridan.com
*Attorney for Plaintiffs*

*/s/ Joseph R. Blalock*
Joseph R. Blalock
*Attorney for Defendant DISH Network L.L.C.*