IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BRENDA DAVIS,
CLARENCE DAVIS,
and all others similarly situated,

                Plaintiffs,

v.                                      CIVIL ACTION NO.   3:21-0044

COLLECTO, INC.,
D.B.A. EOS CCA,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Collecto, Inc., d/b/a EOS CCA's ("EOS CCA") Motion to Amend its Answer. ECF No. 51. Defendant seeks to amend its Answer to assert an affirmative defense of arbitration and class waiver. For the reasons below, the Court **DENIES** the Motion.

Also pending before the Court is Plaintiffs Brenda and Clarence Davis's Motion for Leave to File a Surreply in Response to Defendant's Reply in support of the instant motion to amend its Answer. ECF No. 67. As the Plaintiffs' motion is no longer necessary, the Court **DISMISSES** the motion as moot.

**I. BACKGROUND**

This suit stems from Defendant's alleged improper attempts at debt collection from Plaintiffs on behalf of Dish Network, Inc. On February 6, 2020, Plaintiffs filed a six-count class action

Complaint in West Virginia state court pursuant to Rule 23 of the West Virginia Rules of Civil Procedure. On March 23, 2020, Defendant removed the case to federal court. Defendant then filed its Answer to the Complaint on April 14, 2020. However, the case was remanded on May 1, 2020, pursuant to Plaintiffs' request on a finding that Defendant had failed to establish by a preponderance of the evidence that the amount in controversy exceeded $75,000. Upon remand, it was determined that Plaintiffs would seek $5,000,000 in damages. Accordingly, on January 15, 2021, Defendant again removed the case to federal court. This Court entered a Scheduling Order on March 11, 2021, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, which set a June 4, 2021 deadline for the filing of amended pleadings. Defendant filed the present Motion to File an Amended Answer on July 14, 2022.

## II. STANDARD

To amend a pleading after the scheduling order's deadline, the party seeking amendment must satisfy both Federal Rule of Civil Procedure 16(b)'s good cause standard for modifying the scheduling order and Rule 15(a)(2)'s standard for amending pleadings. *Stewart v. Coyne Textile Servs.*, 212 F.R.D. 494, 496 (S.D.W. Va. 2003); *see also RFT Mgmt. Co., LLC v. Powell*, 607 F. App'x. 238, 242 (4th Cir. 2015); *Stanley v. Huntington Nat'l Bank*, 492 F. App'x 456, 461 (4th Cir. 2012); *Montgomery v. City of Anne Arundel*, 182 F. App'x 156, 162 (4th Cir. 2006) (per curium). Good cause exists under Rule 16(b) to modify the scheduling order where the moving party demonstrates "diligence" in its efforts. *Marcum v. Zimmer*, 163 F.R.D. 250, 255 (S.D.W.Va. 1995) ("The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension.") (internal quotation marks and citations omitted).

If Rule 16(b) is satisfied, under Rule 15(a)(2) "a party may amend its pleading [after the time for amendments as a matter of course] only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, leave to amend a pleading should be granted unless it would result in prejudice to the opposing party, the motion was brought in bad faith, or permitting amendment would be futile. *See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (citation omitted); *Equal Rights Ctr. v. Niles Bolton Associates*, 602 F.3d 597, 603 (4th Cir. 2010) (citation omitted). However, as the Court finds that the standard for Rule 16(b) is not met in this case, it will not consider whether Rule 15(a)(2) would be satisfied by Defendant's arguments.

### III. ANALYSIS

    *i.     Defendant has not argued the correct legal standard for Rule 16(b)*

First, Defendant has failed to argue the correct standard for obtaining leave to amend its Answer, repeatedly arguing only the Rule 15(a)(2) standard while ignoring the threshold Rule 16(b) analysis. *See* Mot. to Am. Answer; Reply to Pls.' Resp. to Mot. to Am. Answer. Applying Rule 16(b), good cause must exist for modifying the scheduling order so that Defendant may amend its answer. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Nester v. Hampton Inn Princeton*, No. 13-03336, 2013 WL 5425123, at *2 (S.D.W.Va. Sept. 26, 2013) (citations omitted). Instead of demonstrating diligence, Defendant has vacillated between arguing good faith and lack of prejudice to Plaintiffs under the Rule15(a)(2) framework, neither of which is relevant to the Rule 16(b) analysis. *See* Mot. to Am. Answer at 7-9; Reply to Pls.' Resp. to Mot. to Am. Answer at 3-7; *see also Essential Hous. Mgmt., Inc. v. Walker*, 166 F.3d 332 (4th Cir. 1998) (noting Rule 16(b) considers diligence of party

seeking amendment, *not lack of bad faith or prejudice to opposing party*). Nowhere in its filings with this Court does Defendant address the long-established good cause standard. *See* Mot. to Am. Answer; Reply to Pls.' Resp. to Mot. to Am. Answer. In fact, Plaintiffs' Response provided Defendant with the correct standard, which Defendant failed to employ in its Reply. Pls.' Resp. to Mot. to Am. Answer at 2, 4-6. Plaintiffs are correct that absent a threshold finding of good cause, the arguments forwarded by Defendant under the Rule 15(a)(2) standard will not be considered by this Court. *Id*. at 3; *Marcum*, 163 F.R.D. at 254.

> ii. *Defendant has not met the Rule 16(b) good cause standard*

Second, Defendant has not met the Rule 16(b) good cause standard of diligence.

In ascertaining diligence, the Court looks to the moving party's reasons for seeking modification; mere "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief"—the Court must determine that the pretrial schedule could not be reasonably met by a diligent party. *Marcum*, 163 F.R.D. at 254 (quoting *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)); *see also Montgomery*, 181 F. App'x at 816 (per curium); *Cook v. Howard*, 484 F. App'x. 805, 815 (4th Cir. 2012) (per curium) ("....whatever other factors are also considered, the good-cause standard will not be satisfied if the court concludes that the party seeking relief (or the party's attorney) has not acted diligently in compliance with the schedule.") (internal quotation marks and citations omitted). This Court has previously found good cause where, for example, the non-moving party withheld documents during discovery, *W.V. Housing Dev. Fund v. Ocwen Tech. Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W.Va. 2001), provided an overabundance of discovery material for the moving party to analyze, *Felman Prod., Inc. v. Indus. Risk Ins.*, 2010 WL 3119338, at *3 (S.D.W.Va. 2010), or delayed the discovery

process via untimely filings, *Stewart*, 212 F.R.D. at 497. In such cases, the moving party could not have obtained the information sought to be included in the amended filing despite reasonable diligence. In contrast, here Defendant had clear opportunity to obtain the pertinent information prior to the scheduling deadline.

Plaintiffs' Complaint arises out of purported irregularities in EOS CCA's alleged efforts to collect debts via telephone that were due to Dish Network from consumers. Defendant's Motion to Amend its Answer seeks to include an additional affirmative defense, asserting its rights under an arbitration agreement. Mot. to Am. Compl. at 4-5, 9-10. Here, the evidence supporting Defendant's affirmative defense for arbitration came from a waiver clause in Dish Network's Residential Customer Agreement ("Agreement"), which provides that resolution of any dispute (including those arriving from billing or calls on a party purporting to act on Dish's behalf) are subject to arbitration. Similarly, it provides that the arbitration and class waiver provision extends to third-party billing representatives, which Defendant claims it is.[1] While Defendant has asserted that it only recently gained access to the information and relevant documents concerning Plaintiff Brenda Davis's account with Dish Network, its explanation for its recent discovery of the Agreement appears to be the result of carelessness rather than due diligence.

Defendant's explanation for how it failed to discover the Agreement for more than two years leaves much to the imagination. In its Motion to Amend on July 14, 2022, Defendant stated that it learned of the Agreement's existence only as the discovery process revealed a previous action Plaintiffs filed against Dish Network in 2018.[2] Mot. to Am. Answer at 4. In fact, Plaintiffs'

---

[1] As this Court has determined Defendant does not have good cause to amend its response, the Court will not consider the validity of these claims.

[2] EOS CCA claims that it no longer had access to the relevant documents related to Ms. Davis's contract with Dish Network at the time the Complaint was filed, as EOS CCA was no longer serving as Dish Network's first party servicing agent at that point in time. Mot. to Am.

Complaint, filed in state court on February 6, 2020, stated the existence of the prior case and the Agreement. Compl. at ¶ 11, Exhibit A. Furthermore, Plaintiffs attached a copy of an affidavit of Mr. Joey Montano of Dish Network which had previously been filed in the 2018 action. Compl. Exhibit A. Mr. Montano referred to the Agreement by name, indicating that it was attached to the original affidavit as an exhibit. *Id*.; *see Davis v. Dish Network, LLC*, 3:18-cv-01415, ECF No. 35-1 ("Exhibit A – Affidavit of Joey Montano"), 35-3 ("Exhibit C – Residential Customer Agreement"). The Complaint provided the PACER citation necessary for Defendant to access these exhibits. *Id*. While Defendant has argued that a lengthy discovery process was required for it to access Ms. Davis's account documents with Dish Network, Mot. to Am. Answer at 4, the Complaint indicates that the Agreement between Ms. Davis and Dish Network has been publicly available on PACER since September 3, 2019. Compl. Exhibit A. Defendant therefore had ample opportunity to investigate and peruse the Agreement between February 2020—when it was informed of the prior case and the publicly available Agreement via the Complaint—and the scheduling deadline of June 4, 2021. This record does not demonstrate the level of diligence necessary to satisfy Rule 16(b).

    Of course, defendants may demonstrate good cause where they were initially suspicious of a claim raised in a Complaint but do not discover the evidentiary support for those suspicions until later in the discovery process. *See Felman*, 2010 WL at *3 (S.D.W.Va. 2010). In *Felman*, defendants demonstrated good cause where "they were required to file motions to compel in order to obtain the relevant e-discovery, and that, when the relevant information was finally produced,

---

Answer at 4. Defendant has not alleged that it attempted to obtain these documents from Dish Network at any point in the litigation process, nor has it explained its failure to do so. Furthermore, Defendant was attempting to seek debt payments from Plaintiffs pursuant to these contracts with Dish Network; this Court generally expects parties seeking to enforce a contract to have knowledge of the contents of that contract.

Defendants were forced to employ a thirty-lawyer team to sort through the more than one million page 'document dump,' which consisted of large volumes of irrelevant material." *Id*. Contrast this with the instant case, where Plaintiffs assert that Defendant has made no discovery requests of them, and no discovery requests appear on the Court's record of filings for the case. *See* Pls.' Resp. to Mot. to Am. Answer at 3-4. It appears that Defendant took 29 months to analyze two publicly filed documents which were cited in the Complaint.[3] This timeline does not demonstrate reasonable diligence in attempting to adhere to the pretrial schedule. Defendant therefore has not satisfied Rule 16(b)'s good cause standard and may not have leave to amend its Answer.

## IV. CONCLUSION

Because Rule 16(b)'s good cause standard for amending pleadings has not been satisfied, the Court **DENIES** Defendant leave to file an amended answer asserting an arbitration and class waiver defense.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: September 8, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[3] Defendant appears to argue that Plaintiffs were under an obligation to append the Agreement to the Complaint as an exhibit, rather than referencing it. Reply at 5 ("Despite having the contract, Plaintiffs' [sic] did not attach the contract to the complaint or provide it with their initial disclosures."). While Plaintiffs likely could have more clearly laid out Defendant's arguments for them, they were under no obligation to do so. If Defendant had concerns or questions about Plaintiffs' various agreements with Dish Network upon reading the Complaint, they could have diligently requested discovery on the issue.