IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BRENDA DAVIS,
CLARENCE DAVIS,
and all others similarly situated,

                Plaintiffs,

v.                                  CIVIL ACTION NO.   3:21-0044

COLLECTO, INC.,
D.B.A. EOS CCA,

                Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Collecto, Inc., d/b/a EOS CCA's ("EOS CCA") Motion to Amend Scheduling Order. ECF No. 75. For the following reasons, the Court **GRANTS** the Motion, in part, and **DENIES** the Motion, in part.

Under Rule 16 of the Federal Rules of Civil Procedure, the scheduling order "may be modified only for good cause" and with the Court's consent. Fed. R. Civ. P. 16(b)(4). Good cause exists under Rule 16(b) to modify the scheduling order where the moving party demonstrates diligent effort that would be ultimately insufficient to meet the current deadlines. *Cook v. Howard*, 484 Fed. App'x 805, 814-15 (4th Cir. 2012) (citations omitted). On the other hand, if the moving party has not acted diligently to comply with the schedule, good cause does not exist for the Court to consent to a modification. *Montgomery v. Anne Arundel Cty.*, 182 Fed. App'x 156, 162 (4th Cir. 2006).

EOS CCA has motioned to extend the deadlines related to completion of discovery, expert disclosure, and class certification briefing. Def.'s Mot. to Am. Scheduling Order, ECF No. 75 at 5. EOS CCA argues that repeated extensions to individual deadlines without a comprehensive amendment to the Scheduling Order has created conflicting deadline obligations on the parties. *Id*. at 4-5. In Response, Plaintiffs Brenda and Clarence Davis have argued that Defendants have not demonstrated good cause to extend the Scheduling Order deadlines, nor have they behaved with due diligence in their attempts to meet the current deadlines. Pls.' Opp'n to Def.'s Mot. to Am. Scheduling Order, ECF No. 78.

Parties have repeatedly stipulated extension of the expert disclosure deadlines. *See* ECF Nos. 50, 54, 68, 70, 77. Likewise, they have filed unopposed motions for extension of the class certification briefing deadlines on multiple occasions. *See* ECF Nos. 31, 39, 47, 55. Additionally, they have filed several unopposed motions with this Court which extended the general discovery deadlines. *See* ECF Nos. 49 & 59. In fact, one such stipulated extension of the expert disclosure deadlines occurred after Defendant filed the instant Motion. ECF No. 77. In filing this most recent stipulated extension with the Court, parties have effectively extended the deadline for all discovery past the date set most recently by the Court. *See* ECF Nos. 13 & 77. This stipulated deadline is after both the current Scheduling Order deadline for conclusion of fact discovery, ECF No. 59, and the current deadline for expert depositions, ECF No. 13. Accordingly, the Court finds that it is impossible for the parties to meet those deadlines, regardless of diligence, and **EXTENDS** the deadline for completion of all discovery. As parties will need time to depose expert witnesses following disclosures, the Court **AMENDS** the expert deposition deadline of July 21, 2022, ECF No. 13, and current fact discovery deadline of October 14, 2022, ECF No. 59, to **November 28, 2022,** at which point all discovery—including expert depositions—must be concluded.

Defendant also asks the Court to amend the Scheduling Order to extend the deadlines related to class certification briefing—the Class Certification Motion, Response, and Reply—arguing that the current filing schedule prejudices it. Def.'s Mot. to Am. Scheduling Order at 8. Plaintiffs oppose extending these deadlines, arguing that Defendant has not been diligent in complying with discovery requests,[1] and that extension would prejudice Plaintiffs. Pls.' Opp'n to Def.'s Mot. to Am. Scheduling Order at 3-6. The Court finds no reason as to why the parties could not exercise diligence to meet the class certification briefing deadlines as they stand now; Plaintiffs have stated that they can and will meet the deadlines, and Defendant has merely argued that having to conduct expert-related discovery while preparing to respond to the Class Certification Motion would be prejudicial. *See* Def.'s Mot. to Am. Scheduling Order at 8; Pls.' Opp'n to Def.'s Mot. to Am. Scheduling Order at 7; Def.'s Reply in Supp. of Mot. to Am. Scheduling Order, ECF No. 79 at 5. Furthermore, the current deadlines provide *more* time between the Plaintiff's Motion for Class Certification and the Defendant's Response to that Motion than Defendant now requests. *Compare* Order Granting Mot. to Am. Scheduling Order, ECF No. 59

---

[1] Plaintiffs argue that the repeated delays in the discovery timeline have been primarily caused by Defendant's "dilatory delay" in retaining an expert witness and in providing Plaintiffs with "court-ordered discovery." Pls.' Opp'n to Def.'s Mot. to Am. Scheduling Order at 4-6. While the Court ultimately agrees with Plaintiffs that the current deadlines for briefing class certification may be met if parties exercise reasonable diligence, *see id*. at 7, the Court does not adopt Plaintiffs' characterization of Defendant's behavior. *Neither* party has met various prior expert disclosure deadlines, and parties have stipulated extension of those deadlines on five occasions. ECF Nos. 50, 54, 68, 70, 77. Additionally, what Plaintiffs characterize as "court-ordered discovery" was a command by this Court that Defendant "serve full and complete discovery responses" to Plaintiffs' interrogatories. *Id*. at 6; Order Granting Pls.' Mot. to Compel, ECF No. 41. Plaintiffs now argue that Defendant's response to those interrogatories violated that order by not providing all the information requested by the Plaintiffs. Pls.' Opp'n to Def.'s Mot. to Am. Scheduling Order at 6. In its response to the interrogatory, Defendant properly gave answers and asserted objections to the questions posed. Def.'s Reply in Supp. of Mot. to Am. Scheduling Order at 2-3. While the Court compelled Defendant to answer the interrogatory, it did not waive Defendant's objections to the requested information. *See* ECF No. 41. The court order for Defendant to respond to interrogatories does not resolve Defendant's objections.

(providing 32 days between deadlines) *with* Def.'s Mot. to Am. Scheduling Order, ECF No. 75 (requesting 28 days between deadlines). Finding no good cause on the record to extend the deadlines for the Motion for Class Certification, Response to Class Certification Motion, and Reply in Support of Class Certification Motion, the Court **DENIES** Defendant's Motion to extend these deadlines.

Accordingly, the deadline for the conclusion of all discovery is extended to **November 28, 2022**. The other deadlines remain unchanged. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: October 13, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE